UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | Criminal No. 1:14-CR-452-TWT |
| KEVIN SHIN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## GOVERNMENT'S SENTENCING MEMORANDUM

The United States of America, by and through its undersigned attorneys, respectfully submits this memorandum in aid of the sentencing of the Defendant, Kevin Shin.  The Court is scheduled to sentence Defendant Shin on November 17, 2015.   On January 29, 2015, the Defendant pled guilty to his role in multi-year conspiracies to rig bids and commit mail fraud in connection with real estate foreclosure auctions in Gwinnett County.   By rigging these bids, the Defendant cheated banks and homeowners out of foreclosure sale proceeds that otherwise would have been paid had the auctions been competitive.

The Government has reviewed the revised Presentence Investigation Report ("PSR") dated July 10, 2015 and has no objections.  The Government respectfully recommends that the Court impose a term of three (3) months'

imprisonment, followed by a period of supervised release of one year, and order the Defendant to pay a criminal fine of $20,000, and restitution in the amount of $32,550.

The recommended term of imprisonment is within the range of Guidelines Offense Level 8.  Offense Level 8 represents a departure from the applicable advisory Guidelines range for Offense Level 11 based on the Government's separate motion filed under seal for a 3-level downward departure pursuant to U.S.S.G. § 5K1.1 for the Defendant's substantial assistance provided to the ongoing investigation.  The Government submits that its recommended sentence is reasonable and appropriate in light of the factors enumerated in 18 U.S.C. § 3553.

This sentencing memorandum addresses: (1) the conduct engaged in by the Defendant and his co-conspirators that corrupted the real estate foreclosure process; (2) the Government's sentencing recommendation; and (3) the application of the 18 U.S.C. § 3553 factors to the instant case.  The Government reserves the right to provide additional briefing in response to any memorandum filed by the Defendant.

## I.   FACTUAL BACKGROUND AND CRIMINAL CONDUCT

Kevin Shin is a thirty-nine (39) year old naturalized United States citizen who was born in Seoul, South Korea.  He is a high school graduate with some college education and over a decade of experience in the real

estate industry.  In 2005, Defendant Shin obtained his real estate broker license from the Georgia Real Estate Commission.  He has been employed as a real estate sales agent affiliated with (i) Metro GMAC Real Estate from 2005 to 2006; and (ii) Chapman Hall Realty from 2009 to 2014.  Defendant Shin also established his own company, EHM Property, LLC ("EHM"), and used this company to purchase and sell real estate between 2007 and 2014. During this period, he primarily attended and purchased foreclosed properties in Gwinnett County, Georgia.  At these foreclosure auctions, he purchased properties in his own name, in his name and his wife, Amber Shin's name, or using his company name, EHM.

On the first Tuesday of each month, on the steps of courthouses across Georgia, open-outcry public auctions of foreclosed real properties are conducted pursuant to Georgia's non-judicial foreclosure statutes.  *See generally* Ga. Code Ann. §§ 44-14-160 to 44-14-191.  The purpose of these auctions is to generate the highest and best price for each of the foreclosed properties; the foreclosure sale proceeds are used to pay the mortgage debt and any outstanding lienholders.  The homeowner of the foreclosed property is entitled to any remaining sale proceeds after all the indebtedness on property has been paid.  Lenders and foreclosed homeowners, therefore, have a financial interest in the foreclosure auctions yielding the highest and best price for the foreclosed properties.

Beginning at least as early as March 2009, and continuing until at least March 2012 in Gwinnett County, Defendant Shin and other real estate speculators conspired to rig bids on foreclosed properties at public auctions in the Northern District of Georgia.  The co-conspirators agreed not to compete against each other to purchase rigged foreclosure properties; designated which co-conspirator would bid on the rigged foreclosure properties and which co-conspirators would refrain from bidding; and refrained from or stopped bidding for rigged foreclosure properties in violation of the Sherman Act.  *See* 15 U.S.C. § 1.  Having obtained the property at a suppressed price, the co-conspirators then made payoffs among themselves in order to compensate one another for not bidding, and sometimes conducted secret "side auctions," open only to the conspirators, at which they determined how to allocate the payoffs.  The Defendant and others made materially false representations to  financial institutions about the sale prices of properties, and used the mails to further their scheme.   As Defendant Shin has acknowledged, the bid-rigging and fraud scheme suppressed the sale prices of those properties, causing financial losses to victim lenders, lienholders, and homeowners.

On January 29, 2015, Defendant Shin pled guilty to an Information charging him with one count of participating in a conspiracy to suppress and eliminate competition by rigging bids for the purchase of real estate at public

foreclosure auctions in Gwinnett County, Georgia in violation of the Sherman Act, 15 U.S.C. § 1 (Antitrust Count (1)), and a second count charging him with participating in a conspiracy to commit mail fraud in relation to Gwinnett County real estate foreclosure actions in violation of 18 U.S.C. § 1349 (Fraud Count (2)).   Defendant Shin is one of ten (10) defendants charged to date in the Antitrust Division's ongoing investigation of Georgia real estate foreclosure auctions, including two (2) other defendants who have pled guilty to participating in the same conspiracies with the Defendant in Gwinnett County.[1]

## II.   GOVERNMENT'S SENTENCING RECOMMENDATION

The Government respectfully recommends that the Court impose a term of three (3) months' imprisonment, followed by a period of supervised release of one year, and order the Defendant to pay a criminal fine of $20,000, and restitution in the amount of $32,550.

Paragraph 9 of Defendant Shin's Plea Agreement sets out jointly recommended Sentencing Guidelines calculations based on the November 1,

---

[1] Two other cases arising out of the Antitrust Division's real estate foreclosure auctions investigation in Gwinnett County have been before this Court: *United States v. Mohamed Hanif Omar*, Crim. No. 1:14-CR-99 (sentenced by this court to four months imprisonment on January 7, 2015); and *United States v. Mohammed Adeel Yoonas*, Crim No. 1:14-CR-451-TWT (scheduled to be sentenced by this Court on the same day as Defendant Shin). In addition, the Antitrust Division also has brought the following cases involving similar conspiracies in Fulton and/or DeKalb counties: *United States v. Eric Hulsman*, Crim. No. 1:15-CR-00098-WSD; *United States v. Seth D. Lynn*, Crim. No. 1:13-CR-369-WSD; *United States v. Penguin Properties, LLC*, Crim. No. 1:13-CR-370-WSD; *United States v. Amy James*, Crim. No. 1:13-CR-506-WSD; *United States v. David Wedean*, Crim. No. 1:15-CR-134-WSD; *United States v. Morris Podber*, Crim. No. 1:15-CR-360-WSD; and *United States v. Trent Gaines*, Crim. No. 1:15-CR-362-WSD. The Defendant is not charged with participating in the conspiracies in Fulton and/or DeKalb counties.

2014 Sentencing Guidelines that were in effect at the time the plea was entered.  Under the jointly recommended Sentencing Guidelines calculations contained in Paragraph 9 of the Plea Agreement, both the Antitrust Count (1) and the Fraud Count (2) produced the same Adjusted Offense Level of 13, before any reduction for acceptance of responsibility.  With acceptance of responsibility, the resulting Adjusted Offense Level was 11, before any motion for substantial assistance.

However, as outlined in Paragraphs 24 through 40 of the PSR, the 2015 Sentencing Guidelines Manual[2] that recently came into effect on November 1, 2015, contain certain inflationary adjustments to the fraud loss table at U.S.S.G. § 2B1.1(b)(1) that reduce the Offense Level for Fraud Count (2) by two levels from 13 to 11.[3]  The Offense Level for the Antitrust Count (1) remains unchanged at 13.  Pursuant to U.S.S.G. §§ 3D1.2 and 3D1.3, the Adjusted Offense Level for both counts is 13.  With a two-level reduction for acceptance of responsibility, the resulting Adjusted Offense Level is 11, before any motion for substantial assistance.

---

[2] Paragraph 8 of the Plea Agreement specifically provides that the Defendant understands the Court will consider the Guidelines in effect on the date of sentencing unless that manual provides for a greater punishment, in which case the Court should consider the Guidelines in effect the date that the offense was committed.  Here, because the 2015 Sentencing Guidelines Manual does not provide for greater punishment, the 2015 Guidelines in effect at the time of sentencing should be applied.

[3] Specifically, Defendant Shin's agreed-upon fraud loss is $34,300, and under the 2014 Sentencing Guidelines Manual, fraud loss greater than $30,000 provided for a +6 level increase under U.S.S.G. § 2B1.1(b)(1)(D).  However, under the 2015 Sentencing Guidelines Manual, the break point was raised from $30,000 to $40,000, and therefore, the Defendant's fraud loss of [$34,300] now equates to a +4 increase for loss greater than $15,000 but less than $40,000 pursuant to U.S.S.G. § 2B1.1(b)(1)(C).

The Government has filed a motion pursuant to U.S.S.G. § 5K1.1 requesting a three-level downward departure from the applicable Guidelines Offense Level.   This motion is based upon Defendant Shin's full, truthful, and continuing cooperation with the Government and the substantial assistance he has provided to the Government in its ongoing investigation and prosecution of others.  The specifics of the Defendant's cooperation and the extent to which he substantially assisted the Government are addressed in that motion.

Should the Court accept the Government's recommendations regarding a three-level downward departure, Defendant Shin's resulting Adjusted Guidelines Offense Level would be 8 with a corresponding imprisonment range of 0-6 months.  The Government recommends a three (3) month term of imprisonment.  The Government also recommends that the Court impose a fine of $20,000, which is the minimum Guidelines fine for an antitrust offense pursuant to U.S.S.G. § 2R1.1(c)(1).

III.   **THE 18 U.S.C. § 3553 FACTORS SUPPORT THE GOVERNMENT'S SENTENCING RECOMMENDATION**

The Government's recommendation of three (3) months' imprisonment is reasonable and not greater than necessary in light of the factors articulated in 18 U.S.C. § 3553.  The most compelling factors weighing in favor of a sentence of imprisonment are the need for the sentence to reflect the seriousness of the

offense, promote respect for the law, and achieve general and specific deterrence.

Defendant Shin conspired to rig bids on over a dozen foreclosure properties. The antitrust and fraud conspiracies he participated in defrauded property holders and depressed real estate prices in Gwinnett County. These are not "victimless" crimes. To the contrary, these are serious crimes that impacted not just the immediate victims including homeowners, but the community at large. A prison sentence will promote respect for the law at public foreclosure auctions and serve as a deterrent to other real estate speculators in Gwinnett County and throughout Georgia who may be tempted to enrich themselves through similar crimes.

The nature and characteristics of the Defendant also support the recommended sentence. Defendant Shin is a licensed real estate broker who at the time of his participation in the charged conspiracies had been active in the real estate industry for several years. While he may not have been the most experienced real estate speculator active in the charged conspiracies in Gwinnett County, the Defendant fully understood that the secret side-auctions he participated in lined his pockets, and the pockets of his co-conspirators with funds that should have gone to the lenders, lienholders, and homeowners of foreclosed properties.

While Defendant Shin has no criminal history and there is no

immediately apparent risk to the public from further crimes of the Defendant, a sentence of imprisonment will send a clear deterrent message to the real estate foreclosure industry and real estate professionals that bid rigging, secret side-auctions, and fraudulent payoffs are serious offenses that cause economic and social harm, and anyone who commits these crimes risks not simply a felony record, but a prison sentence as well.

Respectfully submitted this 10th day of November, 2015.

/s/ Eric M. Meiring
ERIC M. MEIRING
Ohio Bar No. 83589
Eric.Meiring@usdoj.gov

Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street, N.W.
Washington D.C. 20530
Tel:   (202) 598-2322
Fax:   (202) 598-2428

## CERTIFICATE OF FONT AND POINT SELECTION

Pursuant to Local Rule 7.1D, I hereby certify that the foregoing "Government's Sentencing Memorandum" has been prepared with one of the font and point selections approved by the Court in Local Rules 5.1B and 5.1C.


/s/ Eric M. Meiring
ERIC M. MEIRING
Ohio Bar No. 83589
Eric.Meiring@usdoj.gov

Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street, N.W.
Washington D.C. 20530
Tel:   (202) 598-2322
Fax:  (202) 598-2428

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of November, 2015, I electronically filed the foregoing "Government's Sentencing Memorandum" with the Clerk of Court using the CM/ECF system, which will automatically send email notification of such filing to the following attorney of record:

**Defense Counsel**
Michael L. Brown, Esq. (retained)
Adam J. Biegel, Esq. (retained)

Alston & Bird, LLP
One Atlantic Center
1201 West Peachtree Street
Atlanta, GA 30309-3424
(404) 881-7589

/s/ Eric M. Meiring
ERIC M. MEIRING
Ohio Bar No. 83589
Eric.Meiring@usdoj.gov

Attorney
U.S. Department of Justice
Antitrust Division
450 5th Street, N.W.
Washington D.C. 20530
Tel:   (202) 598-2322
Fax:  (202) 598-2428